## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, <br> 30833 Northwestern Hwy, <br> Farmington Hills, MI 48334 <br><br> Plaintiff, <br><br> v. <br><br> CARIBBEAN CRESCENT, INC. <br> 1430 DeSoto Road <br> Baltimore, MD 21230 <br><br> NATHANIEL BAGLEY <br> 13205 Gundale Avenue <br> Middle River, MD 21220; <br><br> and JAMISON JOHNSON <br> 510 Duskview Drive <br> Havre de Grace, MD 21078 <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

The Plaintiff, ATAIN SPECIALTY INSURANCE COMPANY ("Atain"), pursuant to 28 U.S.C. § 2201 and FED. R. CIV. P. 57, files this complaint for declaratory judgment against Defendants, Caribbean Crescent, Nathaniel Bagley, and Jamison Johnson, and states:

## NATURE OF ACTION

1. Atain requests that the Court issue a judgment pursuant to 28 U.S.C. § 2201 declaring that Atain Policy CIP344900 issued to Caribbean Crescent, Inc. ("Caribbean Crescent") for the period of July 1, 2019 to July 1, 2020 (the "Policy"), a copy of which is attached as **Exhibit A**, excludes Employer's Liability, and declaring that Atain has no duty under the Policy to defend or indemnify Caribbean Crescent in the underlying lawsuit entitled *Nathaniel Bagley, et al. v.*

*Caribbean Crescent, Inc.*, 24-C-22-04448 MT (Baltimore Cir. Ct.) (the "*Bagley* Litigation" or "*Bagley* Complaint").

2. Atain seeks a declaratory judgment to determine an actual controversy between the parties regarding insurance coverage under the Policy for the *Bagley* Litigation.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this dispute arises between citizens of different states and the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

4. This Court has authority to grant Atain declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and FED. R. CIV. P. 57.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the *Bagley* Litigation and the insurance coverage dispute between Atain and Caribbean Crescent concerning the *Bagley* Litigation occurred in this district, and the Defendant is domiciled in this district.

## THE PARTIES

6. Atain is a Michigan corporation with its principal place of business in Oakland County, Michigan. Atain is a Michigan surplus lines insurer under Maryland Insurance Code, § 24-306, *et seq*. and issued the Policy to Caribbean Crescent in Maryland.

7. Caribbean Crescent is, and at all times relevant hereto was, a corporation formed under the laws of Virginia with its principal place of business in Baltimore, Maryland.

8. Upon information and belief, Nathaniel Bagley ("Bagley") is a Maryland citizen who is domiciled in Baltimore County, Maryland. Bagley is one of the underlying plaintiffs in the *Bagley* Litigation.

9. Upon information and belief, Jamison Johnson ("Johnson") is a Maryland citizen who is domiciled in Harford County, Maryland. Johnson is one of the underlying plaintiffs in the *Bagley* Litigation.

## COMMON ALLEGATIONS

10. ***The Bagley Litigation***: The *Bagley* Litigation arises from an alleged incident on or about June 2, 2020 in which Bagley and Johnson (collectively, the "Underlying Plaintiffs" or the "Workers"), fell approximately 20 feet to the ground and sustained serious injuries during the course of their employment repairing HVAC systems (the "Incident").

11. On December 30, 2022, the Underlying Plaintiffs filed a complaint seeking damages for their injuries based on a theory of negligence, a copy of which is attached as **Exhibit B**.

12. In the *Bagley* Complaint, the Underlying Plaintiffs assert that Caribbean Crescent was obligated by the terms of its lease to "maintain all specialty HVAC equipment at tenant's sole cost and expense." **Ex. B**, ¶ 2.

13. Accordingly, the Underlying Plaintiffs allege Caribbean Crescent contracted with their employer, Electric Motor Repair Company ("EMRC") to perform service on a HVAC system that was mounted on the roof of Caribbean Crescent's business. **Ex. B**, ¶ 3.

14. The Underlying Plaintiffs further allege that on June 2, 2020, EMRC sent three of its employees, including Bagley and Johnson, to Caribbean Crescent's facility to perform work on the HVAC unit. **Ex. B**, ¶ 3.

15. The Underlying Plaintiffs allege that Caribbean Crescent, by and through its employees or agents, suggested that they access the HVAC unit on the roof via a wooden box lifted to the roof by a forklift. **Ex. B**, ¶ 5.

16. The Underlying Plaintiffs also allege that Caribbean Crescent, through its employees or agents assured the Workers that the lift and box were safe and used regularly by Caribbean Crescent's employees to access the roof. **Ex. B**, ¶ 6.

17. The Underlying Plaintiffs allegedly used the wooden box and lift operated by Caribbean Crescent's employee or agent to get on and off the roof throughout the day without incident. **Ex. B**, ¶ 7.

18. At the end of their work day, the Underlying Plaintiffs allegedly entered the box to descend to the ground when the box suddenly gave way causing the workers to fall approximately 20 feet to the ground sustaining serious injuries. **Ex. B**, ¶ 8.

19. Consequently, the Workers allege that their injuries were directly and proximately caused by and did result from the recklessness, carelessness and negligence of Caribbean acting through its employees or agents including: (a) offering assurances of safety to the Workers; (b) failing to keep the wooden box in proper repair; (c) failing to safely operate the forklift; and (d) failing to secure the box to the forklift. **Ex. B**, ¶ 9.

20. The Underlying Plaintiffs seek compensatory damages for reasonable and necessary expenses for past and future medical care for serious and permanent injuries, physical pain and mental anguish, lost wages, and attorneys' fees and costs plus interest. **Ex. B**.

21. <u>***The Atain Policy***</u>: Atain issued its Commercial General Liability Policy No. CIP344900 to Caribbean Crescent for the policy period of July 1, 2019 to July 1, 2020 which is subject to a $2 million limit per occurrence and a $4 million aggregate limit of insurance.

22. The Policy provides Bodily Injury and Property Damage Liability Coverage pursuant to Form No. CG 00 01 04 13, which includes the following provisions:

**SECTION I - COVERAGES**

**COVERAGE A- BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.      Insuring Agreement**

     **a.**     We will pay those sums that the insured becomes legally obligated to pay as damages, claims expenses and defense costs because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. …

     **b.**     This insurance applies to "bodily injury" and "property damage" only if:

          (1)     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

          (2)     The "bodily injury" or "property damage" occurs during the policy period …

**2.      Exclusions**

This insurance does not apply to …

     **d.      Workers' Compensation**

     Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law. …

**COVERAGE C - MEDICAL PAYMENTS**

**1.      Insuring Agreement**

     **a.**     We will pay medical expenses as described below for "bodily injury" caused by an accident:

          (1)     On premises you own or rent;
          (2)     On ways next to premises you own or rent; or
          (3)     Because of your operations;

     provided that:

      (a)    The accident takes place in the "coverage territory" and during the policy period;

      (b)    The expenses are incurred and re-ported to us within one year of the date of the accident; and

      (c)    The injured person submits to examination, at our expense, by physicians of our choice as often as we reason-ably require.

**b.**    We will make these payments regardless of fault. These payments will not exceed the applicable limit of insurance. We will pay reasonable expenses for:

      (1)    First aid administered at the time of an accident;
      (2)    Necessary medical, surgical, X-ray and dental services, including prosthetic devices; and
      (3)    Necessary ambulance, hospital, professional nursing and funeral services.

**2.**    **Exclusions**

We will not pay expenses for "bodily injury":

    **b.**    **Hired Person**

    To a person hired to do work for or on behalf of any insured or a tenant of any insured. …

    **d.**    **Workers' Compensation And Similar Laws**

    To a person, whether or not an "employee" of any insured, if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law. …

    **g.**    **Coverage A Exclusions**

    Excluded under Coverage A. …

**SECTION V – DEFINITIONS** …

**3.**    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. …

**13**.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions. …

23. The Policy also includes Form No. AF000839 (04/2016), titled, "Employees, Subcontractors, Independent Contractors, Temporary Workers, Leased Workers Or Volunteers," which provides, in pertinent part:

> **Exclusion e., Employers' Liability** in Part **2**, **Exclusions** of **SECTION I — COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY** of the **COMMERCIAL GENERAL LIABILITY COVERAGE FORM** is replaced by the following:
>
> **e.    Employer's Liability**
>
> 1. "Bodily injury" to an "employee", subcontractor, employee of any subcontractor, "independent contractor", employee of any "independent contractor", "temporary worker", "leased worker", "volunteer worker" of any insured or any person performing work or services for any insured arising out of and in the course of employment by or service to any insured for which any insured may be held liable as an employer or in any other capacity;
>
> 2. Any obligation of any insured to indemnify or contribute with another because of damages arising out of "bodily injury" to an "employee", subcontractor, employee of any subcontractor, "independent contractor", employee of any "independent contractor", "temporary worker", "leased worker", "volunteer worker" of any insured or any person performing work or services for any insured arising out of and in the course of employment by or service to any insured for which any insured may be held liable as an employer or in any other capacity;
>
> 3. "Bodily injury" sustained by the spouse, parent, brother, sister, companion or offspring of an "employee", subcontractor, employee of any subcontractor, "independent contractor", employee of any "independent contractor", "temporary worker", "leased worker", "volunteer worker" of any insured or any person performing work or services for any insured as a consequence of "bodily injury" to such an "employee", subcontractor, employee of any subcontractor, "independent contractor", employee of any "independent contractor", 'temporary worker" "leased worker", "volunteer worker" of any insured or any person performing work or services for any insured in the course of his or her employment by or service to any insured; or
>
> 4. Contractual liability as defined in Section I - Exclusions, item 2 b. of the Commercial General Liability Coverage Form CG 0001.

> For the purposes of this endorsement, "independent contractor" means one that contracts to do work or perform a service for another and that retains control over the means or methods used in doing the work or performing the service. "Independent contractor" includes, but is not limited to, subcontractors and any employees of a subcontractor, any employee of an independent contractor, any "employees" of any insured, agents, representatives, volunteers, spouses, family members of any insured or any Additional Insureds added to this policy.
>
> For the purposes of this endorsement, "Employee" is defined as follows: "Employee" includes a "leased worker".
>
> This exclusion applies to all causes of action arising out of "bodily injury" to any "employee", subcontractor, employee of any subcontractor, "independent contractor", employee of any "independent contractor", 'temporary worker", "leased worker", "volunteer worker" or any person performing work or services for any insured because of "bodily injury", including care and loss of services.
>
> When there is no coverage for any one insured under this endorsement, coverage is also excluded for any other insured (and SECTION IV.7.b of Commercial General Liability Coverage Form CG0001 shall not apply). …

24.     Caribbean Crescent tendered the *Bagley* Litigation to Atain for a defense and indemnification. Atain disclaimed coverage based on one or more of the Policy's terms, conditions, exclusions or endorsements.

## COUNT I- DECLARATORY JUDGMENT
## EMPLOYER'S LIABILITY EXCLUSION

25.     Atain incorporates and restates each and every allegation set forth in paragraphs 1 through 24 of the general allegations of this Complaint for Declaratory Judgment as if fully alleged in this Paragraph 25.

26.     The *Bagley* Complaint alleges that the Underlying Plaintiffs were employed by EMRC.

27.     EMRC is either a subcontractor or an "independent contractor" hired by Caribbean Crescent to service its HVAC system, as required under the terms of its lease.

28.     Caribbean Crescent hired EMRC to perform service work on Caribbean Crescent's behalf.

29. Under the "Employees, Subcontractors, Independent Contractors, Temporary Workers, Leased Workers Or Volunteers" endorsement, Atain does not have any obligation to defend or indemnify Caribbean Crescent in connection with the *Bagley* Litigation because the Policy excludes coverage for liability arising out of "bodily injury" to an employee of any subcontractor, any independent contractor or any person performing work or services for any insured arising out of and in the course of employment by or service to any insured.

30. Accordingly, Atain has no obligation to defend or indemnify Caribbean Crescent for the Bagley Litigation.

## COUNT II -DECLARATORY JUDGMENT
## NO MEDICAL PAYMENTS COVERAGE

31. Atain incorporates and restates each and every allegation set forth in paragraphs 1 through 24 of the general allegations of this Complaint for Declaratory Judgment as if fully alleged in this Paragraph 31.

32. Bagley and Johnson are not entitled to any Medical Payments benefits and Atain has no obligation to provide Medical Payments coverage under the Policy because such coverage is excluded under Coverage Part C.2.b (Hired Persons), which provides there is no coverage for "bodily injury" to a person hired to do work for or on behalf of any insured or a tenant of any insured.

33. Bagley and Johnson are not entitled to any Medical Payments benefits and Atain has no obligation to provide Medical Payments coverage under the Policy because such coverage is excluded under Coverage Part (C.2.d.), which provides that there is no coverage for bodily injury to a person, whether or not an "employee" of any insured, if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

34. Bagley and Johnson are not entitled to any Medical Payments benefits and Atain has no obligation to provide Medical Payments coverage under the Policy because the Policy's "Employees, Subcontractors, Independent Contractors, Temporary Workers, Leased Workers Or Volunteers" endorsement is incorporated into Coverage Part C under Exclusion C.2.g. (Coverage Part A Exclusions).

35. Accordingly, Atain has no obligation to provide Medical Payments Coverage for the "bodily injury" allegedly sustained by Bagley and Johnson.

## COUNT III – DECLARATORY JUDGMENT
## MISCELLEANEOUS POLICY TERMS

36. Atain incorporates and restates each and every allegation set forth in paragraphs 1 through 24 of the general allegations of this Complaint for Declaratory Judgment as if fully alleged in this Paragraph 36.

37. Atain does not have any obligation to defend or indemnify Caribbean Crescent in connection with any claim that is otherwise outside the scope of coverage under the Policy, or any other applicable exclusion, limitation, or endorsement contained within the Policy.

WHEREFORE, Plaintiff, ATAIN SPECIALTY INSURANCE COMPANY, requests a judgment pursuant to 28 U.S.C. § 2201 against Caribbean Crescent, Nathaniel Bagley, and Jamison Johnson, declaring and awarding the following relief:

A. This Court has jurisdiction over the parties and subject matter of this declaratory judgment action;

B. That Atain has no obligation to defend or indemnify Caribbean Crescent for the *Bagley* Litigation;

C. That Atain is not obligated to provide Medical Payments Coverage for the "bodily injury" allegedly sustained by Bagley and Johnson; and

D.  Award Atain costs, as well as any further relief that this Court deems equitable and just.

Dated: February 28, 2023                    Respectfully submitted:

**ATAIN SPECIALTY INSURANCE COMPANY**


*/s/*

John J. Cavo (*pro hac vice*)
Abigail C. Horvat (*pro hac vice*)
Kaufman Dolowich & Voluck, LLP
30 North LaSalle St., Ste. 1700
Chicago, IL 60602
T: (312) 759-1400
F: (312) 759-0402
E: jcavo@kdvlaw.com
E: Abigail.horvat@kdvlaw.com

/s/
David Hudgins (#7494)
Hudgins Law Firm, P.C.
2331 Mill Road, Suite 100,
Alexandria, Virginia 22314
Tel: (703) 739-3300
Fax: : (703) 739-3700
dhudgins@hudginslawfirm.com
*Attorneys for Plaintiff*
ATAIN SPECIALTY INSURANCE COMPANY

4864-0312-6355, v. 1